**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**DESHUN R. LEGGETT** **PLAINTIFF**

**VERSUS** **CIVIL ACTION NO. 3:23-cv-03105-TSL-RPM**

**TYREE JONES, et al.** **DEFENDANTS**

**ORDER SEVERING HABEAS CLAIMS**

This matter is before the Court on *pro se* Plaintiff Deshun R. Leggett's pleadings. Leggett is a pretrial detainee currently incarcerated at the Hinds County Detention Center ("HCDC") in Raymond, Mississippi. [55] at 1. He claims that Defendants failed to protect him from violence at the hands of other inmates and that they maintain unconstitutional living conditions at the HCDC. *Id*. at 4-9. For relief, he seeks an unspecified measure of compensatory damages for pain and suffering, and for his "charges [to be] drop[ped]." [9] at 5. The Court has considered and liberally construed Leggett's pleadings. *See Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002) ("[C]ourts have adopted the rule that a *pro se* plaintiff's pleadings are liberally construed.").

At this juncture, the Court finds it prudent to identify and separate the types of claims that Leggett is pursuing. Habeas corpus provides the exclusive federal remedy available to a state prisoner seeking an immediate release from incarceration. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Prisoners seeking monetary damages for unconstitutional conditions of confinement may proceed under 42 U.S.C. § 1983. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). "If such a § 1983 complaint contains both habeas and § 1983 claims, the district court should separate the claims and decide the § 1983 claims." *Orellana*, 65 F.3d at 31 (citing *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987)).

To the extent Leggett seeks release from incarceration, he must pursue it through a petition for writ of habeas corpus. To the extent he seeks monetary damages for unconstitutional conditions of confinement, the case may be cognizable under § 1983. Leggett's habeas claims will thus be severed from this case. The Court will direct the Clerk of Court to open a new civil action for Leggett's habeas claims under 28 U.S.C. § 2241. The § 1983 claims for damages will remain in this civil action.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Leggett's habeas claims are **SEVERED** from his claims under § 1983. The Clerk of Court shall open a new civil action under 28 U.S.C. § 2241 in the Northern Division on Leggett's habeas claims, and therein file a copy of the Complaint [1], the Motions [2] [5] for Leave to Proceed *in forma pauperis*, the Response [9], and a copy of this Order. The 42 U.S.C. § 1983 claims for damages will remain in this civil action.

**SO ORDERED**, this 20th day of June, 2024.

/s/ *Robert P. Myers, Jr.*

ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE